UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

C. A. NO.

| | |
|---|---|
| MANUEL VEGA, and JULIO VEGA, ) | |
| ) | |
| Plaintiffs ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | |
| WILLARD MCKINSTRY d/b/a ) | |
| MCKINSTRY'S MARKET GARDEN, ) | |
| ) | |
| Defendant ) | |
| ) | |

**PRELIMINARY STATEMENT**

1. The plaintiffs are migrant farmworkers who reside in Puerto Rico and sought employment at McKinstry's Market Garden for the 2002 and 2003 growing seasons. Because Willard McKinstry, owner of McKinstry Market Garden, uses foreign agricultural workers under the H-2A Program, he must first certify to the United States Department of Labor that there are insufficient domestic workers available to fill job openings. As part of the H-2A Program, the availability of these positions is advertised through the interstate employment service system. An employer who intends to use H-2A workers is also obligated to hire any qualified domestic worker who applies for work during the first half of the contract period covered by the H-2A contract. The plaintiffs are qualified domestic workers who accepted work with McKinstry in 2002 and 2003 after learning of the offer of work through the interstate employment service system well before the mid-point of McKinstry's H-2A worker contracts, but were not hired by McKinstry's Market Garden. They seek compensatory damages for the defendant's violation of

their rights under the federal laws and regulations governing the employment of foreign agricultural labor and the treatment of domestic migrant workers, and for breach of contract.

## JURISDICTION

2. This court has jurisdiction of this action pursuant to 28 U.S.C. §1331, which provides for subject matter jurisdiction over cases raising a federal question, and 29 U.S.C. §1854(a), which provides for subject matter jurisdiction of cases arising under the Migrant and Seasonal Agricultural Worker Protection Act. The court has jurisdiction over plaintiffs' contract claims pursuant to 28 U.S.C. §1367, which provides for supplemental jurisdiction of claims related to those over which it has original jurisdiction.

## PARTIES

3. Plaintiff Manuel Vega is a United States citizen and a resident of Puerto Rico. He resides at Residencia Santa Catalina, Edificio 3, Apt. 11, Yauco, Puerto Rico 00698.

4. Plaintiff Julio Vega is a United States citizen and a resident of Puerto Rico. He resides at Calle 10, No. 400, Bo Fuig, Guanica, Puerto Rico 00653.

5. Willard McKinstry is on information and belief, the owner of McKinstry's Market Garden, (herein "McKinstry") is an agricultural employer engaged in farming operations in or around Chicopee and Hadley, Massachusetts. He retains operational control over all aspects of the business and maintains offices for the conduct of business at 753 Montgomery Street, Chicopee, Massachusetts.

## FACTS

6. During the 2001 growing season, plaintiffs Julio Vega and Manuel Vega were employed by defendant Willard McKinstry at McKinstry's Market Garden.

## 2002 SEASON

7.  On March 13, 2002, defendant McKinstry, through his agent John L. Young, New England Apple Council, Inc., 7 Main Street, Goffstown, New Hampshire (herein "NEAC"), filed a request to hire H-2A workers with the U.S. Department of Labor (herein "DOL") for work starting on May 1, 2002 and providing for 40 hours of work per week at a wage rate of $8.17 per hour. That request was subsequently approved as job order 262567. The nature of the work involved planting, cultivating, harvesting and picking various fruits, vegetables and other crops.

8.  As part of the H-2A application process, the agricultural employer must, pursuant to 20 C.F.R. §655.103(e), agree to provide employment to any qualified domestic worker who applies for work until 50% of the period covered by the H-2A contract has expired (the "50% Rule").

9.  According to 20 C.F.R. §655.103(c), the agricultural employer must engage in positive recruitment of qualified domestic workers to the same extent as H-2A workers.

10. Upon information and belief, McKinstry's first application for H-2A workers was accepted by the DOL on March 21, 2002, and approval was given for work starting on May 1, 2002 through November 1, 2002.

11. This job order was forwarded to the Commonwealth of Puerto Rico Job Service by the Commonwealth of Massachusetts Department of Employment and Training (herein "DET") in accordance with the DET's H-2A Program practices and the interstate employment service system.

12. In response to this notice of the job order, the plaintiffs, Julio Vega and Manuel Vega, identified themselves to Mateo "Herbie" Velez of the Puerto Rico Job Service, stating that they were interested in the positions and would accept work with McKinstry for the 2002 season.

13. The Puerto Rico Job Service notified the Massachusetts DET that Julio and Manuel Vega were interested in the McKinstry job order and the referral of the plaintiffs for work at McKinstry was received by the DET on April 30, 2002.

14. On May 1, 2002, the DET notified McKinstry that the Puerto Rico Job Service had referred the plaintiffs who had accepted McKinstry's job offer for the 2002 season. McKinstry did not respond to that notification.

15. On April 30, 2002, defendant McKinstry, through his agent John L. Young of NEAC, filed a second job order seeking authorization to hire two additional H-2A workers. This request which was accepted by the DOL on May 9, 2002, and subsequently approved as order number 26705 for work starting on June 15, 2002 through December 1, 2002.

16. On May 16, 2002, defendant McKinstry, through his agent John L. Young of NEAC, filed a third job order seeking to hire two more H-2A workers. This request was accepted by the DOL on May 24, 2002, and subsequently approved as order number 269113 for work starting on July 1, 2002 through December 1, 2002.

17. As did the first 2002 job order, McKinstry's job orders 267075 and 269113 each provided for 40 hours of work per week at a wage rate of $8.17 per hour. The nature of the work for each involved planting, cultivating, harvesting and picking various fruits, vegetables and other crops.

18. Despite the fact that the plaintiffs were qualified to do the work, and had accepted McKinstry's job offer well before 50% of any of the H-2A workers' contract periods would have expired, defendant McKinstry failed to notify the DET that it would hire the plaintiffs for employment, and instead hired six foreign H-2A workers.

19. As a result of the defendant's failure or refusal to hire them, the plaintiffs incurred substantial consequential damages, including but not limited to lost wages and decreased base wages for unemployment insurance and Social Security purposes for the 2002 season.

2003 SEASON

20. On March 13, 2003, defendant McKinstry, through his agent John L. Young of NEAC, filed a job order with the DOL seeking authorization to hire H-2A workers for work starting on May 1, 2003, and providing for 44 hours of work per week at a wage rate of $8.53 per hour. The job order was subsequently approved as job order number 297062. The nature of the work involved planting, cultivating, harvesting and picking various fruits, vegetables and other crops.

21. Upon information and belief, the job order was accepted by the DOL on March 20, 2003 and approval was given for work starting on May 1, 2003 through November 1, 2003.

22. Pursuant to the notice of McKinstry's job order, on April 15, 2003, the Puerto Rico Job Service referred plaintiffs Manuel Vega and Julio Vega for employment to McKinstry.

23. On April 18, 2003, NEAC sent a request to the Puerto Rico Job Service to interview the plaintiffs and an interview was scheduled for May 1, 2003.

24. On April 30, 2003, NEAC cancelled the interview and forwarded a letter to the DET that McKinstry had hired local help and would not fill the job order.

25. On April 17, 2003, defendant McKinstry, through his agent John L. Young of NEAC, filed a second job order seeking authority to hire additional H-2A workers. This request was accepted by the DOL on April 23, 2003, and was subsequently approved as job order 300707 for work starting on June 1, 2003 through November 1, 2003.

26. On May 15, 2003, defendant McKinstry, through his agent John L. Young of NEAC, filed a third job order seeking to hire additional H-2A workers. This request was accepted by the DOL on May 23, 2003, and was subsequently approved as job order 303429 for work starting on July 1, 2003 through November 1, 2003.

27. As did their first 2003 job order, job orders 300707 and 303429 each provided for 44 hours of work per week at a wage rate of $8.53 per hour. The nature of the work for each involved planting, cultivating, harvesting and picking various fruits, vegetables and other crops.

28. Despite the fact that the plaintiffs were qualified to do the work, and had accepted McKinstry's job offer well before 50% of any of the H-2A workers' contract periods would have expired, defendant McKinstry failed to notify the DET that it would hire the plaintiffs for employment, and instead hired six foreign H-2A workers.

29. As a result of the defendant's failure and refusal to hire them, the plaintiffs incurred substantial consequential damages, including but not limited to lost wages and decreased base wages for unemployment insurance and Social Security purposes for the 2003 season.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF FEDERAL LAW**
**AND REGULATION**
**(The 50% Rule)**

30. Pursuant to 8 U.S.C. §1188(c)(3)(B), the Secretary of Labor has been delegated explicit authority to promulgate the "50% Rule" regulation "in furtherance of the Congressional policy that aliens not be admitted... unless there are not sufficient workers in the United States who are able, willing, and qualified to perform the labor or service needed...."

31. Pursuant to the explicit authority conferred by 8 U.S.C. §1188(c)(3)(B), the Secretary of Labor has promulgated 20 C.F.R. §655.103(e), which requires employers who obtain H-2A workers "to provide employment to any qualified, eligible U.S. worker who applies... until 50%

of the period of the work contract [of the H-2A workers] has expired."

32. The defendant, Willard McKinstry d/b/a McKinstry's Market Garden, violated 8 U.S.C. §1188(c)(3)(B) and 20 C.F.R. §655.103(e) by failing to hire the plaintiffs, who were qualified for and accepted the defendant's job offer well before the expiration of 50% of the period of the H-2A work contracts for the 2002 and 2003 seasons.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF FEDERAL LAW
## AND REGULATION
## (Positive Recruitment)

33. Alternatively, pursuant to 8 U.S.C. §§1188(a)(1) and (b)(4), any employer seeking H-2A workers must engage in positive recruitment efforts up until the point that the H-2A workers depart for the job site and must guarantee that there are not sufficient U.S. workers available to do the work.

34. Pursuant to 20 C.F.R. §§655.102(d) and 655.103(d), an H-2A employer is required, until the point the H-2A workers depart, to engage in positive recruitment efforts to attract qualified U.S. workers and to cooperate with the interstate and local employment service system regarding the recruitment and hiring of U.S. workers.

35. The defendant, Willard McKinstry d/b/a McKinstry's Market Garden, violated 8 U.S.C. §§1188(a)(1) and (b)(4) and 20 C.F.R. §§655.102(d) and 655.103(d) by refusing to hire the plaintiffs despite the fact that plaintiffs are U.S. workers who are qualified to do the work and who accepted the defendant's job offers by communicating their acceptance to the Puerto Rican Job Service prior to the hire of the H-2A workers for the 2002 and 2003 seasons.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF AGRICULTURAL
## WORKER PROTECTION ACT

36. The Migrant and Seasonal Agricultural Worker Protection Act (AWPA) provides at 29

U.S.C. §1821(f) that no agricultural employer shall knowingly provide false or misleading information concerning the terms, conditions or existence of agricultural employment.

37. AWPA also provides at 29 U.S.C. §1822(c) that no agricultural employer shall, without justification, violate the terms of any working arrangement made with any migrant agricultural worker.

38. The defendant, Willard McKinstry d/b/a McKinstry's Market Garden, violated 29 U.S.C. §§1821(f) and 1822(c) and the regulations promulgated pursuant thereto by refusing to provide the plaintiffs with work as specified in its job orders after their acceptance of those offers of employment for the 2002 and 2003 seasons.

## FOURTH CLAIM FOR RELIEF
## INTENDED BENEFICIARY

39. The defendant, Willard McKinstry d/b/a McKinstry's Market Garden, applied for certification from the Secretary of the United States Department of Labor (DOL) of their need for temporary alien agricultural labor under the H-2A program for the 2002 and 2003 seasons.

40. Pursuant to 8 U.S.C.§§1188(a)(1), (b) and (c)(3), and the regulations issued pursuant thereto, an agricultural employer applying for H-2A workers must establish that there are insufficient domestic workers available to do the work and must promise to engage in positive recruitment efforts and to comply with the "50% Rule." Pursuant to 8 U.S.C. §§1188(a)(1), (b) and (c)(3) and the regulations issued pursuant thereto, the Secretary of DOL cannot issue a certification of need for H-2A workers unless the employer seeking such H-2A workers provides assurances that it has engaged and will continue to engage in positive recruitment efforts on behalf of domestic workers will comply with the "50% Rule" and the Secretary finds that the employment of alien workers will not have an adverse impact on domestic workers.

41. As part of his application to DOL, the defendant promised to engage in the positive

recruitment and employment of qualified domestic workers and to comply with the 50% Rule. Based upon these assurances, which were for the specific benefit of domestic workers, and other information and representations, the Secretary of DOL certified that the defendant had a need for H-2A workers for the 2002 and 2003 seasons.

42.     Plaintiffs are the intended beneficiaries of the assurances made by the defendant in order to obtain H-2A workers.

43.     By refusing to hire the plaintiffs in 2002 and 2003, the defendant, Willard McKinstry d/b/a McKinstry's Market Garden, has breached the specific promises and assurances made for the benefit of the plaintiffs in his application to DOL for certification of his need for H-2A workers. Plaintiffs, as the intended beneficiaries of these breached assurances, are entitled to compensatory damages from the defendant for the injury and damages they have suffered due to the breach.

### FIFTH CLAIM FOR RELIEF
### THIRD PARTY BENEFICIARY

44.     The defendant, Willard McKinstry d/b/a McKinstry's Market Garden, entered into employment contracts with H-2A workers for the 2002 and 2003 seasons.

45.     As part of those contracts, the defendant agreed to comply with all applicable federal and state employment-related laws and regulations, including 20 C.F.R. Part 655, Subpart B and 8 U.S.C. §1188.

46.     The plaintiffs are third-party beneficiaries of that portion of the contract requiring the defendant, Willard McKinstry d/b/a McKinstry's Market Garden, to comply with 8 U.S.C. §1188 and 20 C.F.R. Part 655.

47. By refusing to hire the plaintiffs, defendant Willard McKinstry d/b/a McKinstry's Market Garden, breached that portion of the contract in which he promised to comply with the laws and regulations requiring him to employ qualified U.S. workers.

48. Plaintiffs, who are the third-party beneficiaries of the breached contract provision, have suffered serious and significant injury as a result of thereof.

### SIXTH CLAIM FOR RELIEF
### BREACH OF CONTRACT

49. The defendant, Willard McKinstry d/b/a McKinstry's Market Garden, made an offer of employment for the 2002 season to the plaintiffs and any other qualified U.S. worker by placing a job order with the interstate employment service system. As part of this job offer, the defendant specifically agreed to engage in the positive recruitment of domestic workers and to comply with the "50% Rule" as required by federal law and regulations.

50. Plaintiffs accepted defendant's offer of employment about mid-April 2002.

51. The defendant, Willard McKinstry d/b/a McKinstry's Market Garden, breached the employment contract that was created when the plaintiffs accepted his offer of employment by failing and refusing to provide the plaintiffs with work, wages, transportation and services and benefits set forth in the job order for the 2002 season.

### SEVENTH CLAIM FOR RELIEF
### BREACH OF CONTRACT

52. The defendant, Willard McKinstry d/b/a McKinstry's Market Garden, made an offer of employment for the 2003 season to the plaintiffs and any other qualified U.S. worker by placing a job order with the interstate employment service system. As part of this job offer, the defendant specifically agreed to engage in the positive recruitment of domestic workers and to comply with the "50% Rule" as required by federal law and regulations.

53.   Plaintiffs accepted defendant's offer of employment in April 2003.

54.   The defendant, Willard McKinstry d/b/a McKinstry's Market Garden, breached the employment contract that was created when the plaintiffs accepted his offer of employment by failing and refusing to provide the plaintiffs with work, wages, transportation and services and benefits set forth in the job order for the 2003 season.

WHEREFORE, plaintiffs respectfully request that this Court enter judgment:

1.   Declaring that defendant Willard McKinstry d/b/a McKinstry's Market Garden has violated his obligations under federal laws and regulations governing the H-2A program by refusing to hire the plaintiffs, who are qualified U.S. workers, in 2002 and 2003;

2.   Declaring that defendant Willard McKinstry d/b/a McKinstry's Market Garden has violated his obligations under AWPA by providing false and misleading information about the existence of agricultural employment and by violating the terms of his job orders after plaintiffs had accepted the employment so offered in 2002 and 2003;

3.   Awarding plaintiffs compensatory damages resulting from the failure and refusal of defendant Willard McKinstry d/b/a McKinstry's Market Garden to hire them for the 2002 and 2003 seasons;

4.   Awarding plaintiffs statutory damages as authorized by 29 U.S.C. §1854(c) for defendant's AWPA violations for the 2002 and 2003 seasons;

5.   Granting such other and further relief to the plaintiffs as to this Court seem just; and

6.   Awarding plaintiffs their costs of this action.

Dated: July 25, 2005

_____
Robert W. Berge
BBO#697477
J. Paterson Rae
BBO#410520

Attorneys for Plaintiffs
Western Mass. Legal Services
127 State Street, 4th Fl.
Springfield, MA 01103
(413)781-7814, Fax (413)746-3221

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Manuel Vega and
Julio Vega

**(b)** County of Residence of First Listed Plaintiff   **Puerto Rico**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert W. Berge and J. Paterson Rae
413-781-7814
Western Mass. Legal Services
127 State St., Springfield, MA 01103

## DEFENDANTS
Willard McKinstry d/b/a
McKinstry's Market Garden

County of Residence of First Listed Defendant   **Hampden, MA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
8 U.S.C. §§1188(c)(3)(B), (a)(1) and (b)(4) and 29 U.S.C. §§1821(f) and 1822(c)

Brief description of cause:
Defendants hired foreign H-2A workers instead of qualified plaintiffs.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: July 25, 2005
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Manuel Vega et al. v. Willard McKinstry__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [X]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Robert W. Berge and J. Paterson Rae___
ADDRESS Western Mass. Legal Services, 127 State St., Springfield, MA 01103
TELEPHONE NO. 413-781-7814   Fax 413-746-3221

(CategoryForm.wpd - 5/2/05)